UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

DEANA M. DEVEREAUX,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DEANA M. DEVEREAUX, a Nevada citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff DEANA M. DEVEREAUX is sui juris and at all material times has been a citizen and resident of the state of Illinois.

3. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida. At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

DEVEREAUX v. CARNIVAL CORP.
COMPLAINT

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff DEANA M. DEVEREAUX is and all material times has been a citizen and resident of the state of Nevada, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The damages claimed exceed the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 14 below, including a left ankle fracture, support an award in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. On January 9, 2020, within six months after the date of Plaintiff's injury as alleged below, the Plaintiff

DEVEREAUX v. CARNIVAL CORP.
COMPLAINT

through counsel gave the Defendant written notice of the claim as required by the applicable terms of Defendant's ticket contract.  A copy of the notice letter is attached as Exhibit 1.

## LIABILITY AND DAMAGE ALLEGATIONS

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "GLORY."

12. At all material times, including the injury date of December 13, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "GLORY" and in that capacity was lawfully present aboard the vessel.

13. On December 13, 2019, while the "GLORY" was docked in Cozumel, Mexico, the Plaintiff was disembarking the "GLORY" via a dock and metal boarding ramp leading to a ferry boat, which was to take passengers to a private island.  While stepping off of the metal boarding ramp onto the ferry boat, the Plaintiff slipped on water or a wet, slippery area on the bottom of the ferry boat and thereby fell.  The water or wet area at the bottom of ferry boat was not visible or otherwise apparent to the Plaintiff before she slipped and fell, due to the transparency of the water or wet substance and the blue color of the bottom of the ferry boat.

14. As a direct and proximate result of slipping and falling as alleged in the preceding paragraph, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she lost earnings or earning capacity, lost future earning capacity, and incurred past and future medical, hospital, and other out of pocket and health care expenses as a result of her injuries; the future medical, hospital and health care expenses being reasonably certain to occur. These damages are

DEVEREAUX v. CARNIVAL CORP.
COMPLAINT

permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

15.     At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the Plaintiff, of dangerous conditions off of its vessel in areas where it knew or reasonably anticipated its passengers to be and which it knew or reasonably anticipated its passengers to encounter.

16.     At all material times passengers onboard the M/S "GLORY," including the Plaintiff had booked through Defendant CARNIVAL an excursion to the private island referenced in Paragraph 13, scheduled for December 13, 2019, so CARNIVAL at all material times reasonably anticipated its passengers booking the excursion, including the Plaintiff, to disembark its vessel and board the ferry boat referenced in Paragraph 13.

17.     At all material times there existed a dangerous condition on the ferry boat referred to in Paragraph 13, to-wit: accumulated water or a wet, slippery substance at the bottom of the boat, and a lack of slip resistant covering at the bottom of the boat, thereby posing a slip and fall hazard to passengers boarding the boat such as the Plaintiff.

18.     At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ferry boat as referenced in the preceding paragraph due to the length of time the water or wet slippery substance had been present, the occurrence of prior similar incidents, or otherwise.

19.     Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition alleged above, CARNIVAL failed before the Plaintiff fell and was injured adequately to warn passengers including the Plaintiff of the wet or slippery area and consequent slip and fall risk

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

on the ferry boat referenced in Paragraph 13, through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise and was thereby negligent.

20. As a direct and proximate result of the Defendant's negligent failure to warn as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed, this 14th day of April, 2022.

*s/Nicholas Gerson*
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749
*Attorneys for Plaintiff*